# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| JASON CHIEFSTICK, | Cause No. CV 22-24-H-SEH |
| Petitioner, | |
| vs. | ORDER |
| PETE BLUDWORTH, | |
| Respondent. | |

On April 4, 2022, Jason Chiefstick ("Chiefstick"), a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus.[1] Although he purportedly seeks habeas corpus relief in this Court, the document he filed is captioned for filing in state court.[2]

The Court is required to screen all actions brought by prisoners who seek relief.[3] A habeas petition must be dismissed if claims asserted are legally frivolous or fail to state a basis upon which relief may be granted.[4] Chiefstick's claims, at a minimum, are unexhausted. The petition will be dismissed without prejudice.

---

[1] *See* Doc. 1 at 5. Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time [it is] delivered to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).
[2] *See* Doc.1 at 1.
[3] 28 U.S.C. § 1915(a).
[4] 28 U.S.C. § 1915A(b)(1), (2).

I.  **Exhaustion**

Chiefstick alleges that he was unlawfully denied parole by the Montana Board of Pardons and Parole.[5] His claims, as asserted, challenge state law provisions.[6] However, this Court may only entertain a habeas corpus petition if the petition demonstrates that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.[7]

On April 21, 2022, Chiefstick filed a Motion for Clarification in follow up to the April 4, 2022, Petition for Writ of Habeas Corpus, in which he asserted he had filed a state habeas petition in Toole County District Court,[8] and that he now seeks guidance from this Court as to whether he must exhaust his state court remedies before he can proceed in federal Court.[9]

A federal court may entertain a petition for habeas relief only if the petitioner has first exhausted state court remedies.[10] To meet the exhaustion requirement, a petitioner must (1) use the "remedies available,"[11] through the state's established procedures for appellate review,[12] (2) describe "the federal legal

---

[5] Doc. 1 at 2–4.
[6] *See* Doc. 1-1 at 1–2; *see also* Doc. 1-2.
[7] *See* 28 U.S.C. § 2254(a).
[8] *See* Doc. 3 at 1; *see also Chiefstick v. Bludworth et al.*, Cause No. DV-2022-11-HC, Pet. (filed April 8, 2022).
[9] Doc. 3 at 1-2.
[10] *See* 28 U.S.C. §2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[11] § 2254(b)(1)(A)
[12] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

theory on which his claim is based,"[13] and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies."[14] All three prongs of the test must be addressed in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion."[15]

The Toole County District Court has not yet considered Chiefstick's claims, nor have those claims been presented to the Montana Supreme Court.[16] He has not yet exhausted his available state court remedies and this Court cannot now review the claims.[17] Dismissal will be without prejudice.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[18] Such a certificate should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."[19]

---

[13] *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).
[14] *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).
[15] *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).
[16] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[17] *See Rose v. Lundy*, 455 U.S. 509 (1982).
[18] Rule 11(a), Rules governing § 2254 Proceedings.
[19] 28 U.S.C. § 2253(c)(2).

Chiefstick has not made a substantial showing that he was deprived of a federal constitutional right. A certificate of appealability will be denied.

**ORDERED:**

1. Chiefstick's Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter judgment of dismissal.

3. A certificate of appealability is DENIED.

4. Chiefstick's Motion for Clarification[20] is DENIED as moot.

DATED this 27th day of April, 2022.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[20] Doc. 3.

-4-